**Dennis McKEE, Appellant**

v.

**PITTSBURGH NATIONAL BANK.**

No. 15–1699.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Sept. 18, 2015.

Opinion filed: Sept. 23, 2015.

Dennis McKee, New Brighton, PA, pro se.

Scott R. Leah, Esq., Richard B. Tucker, Iii, Esq., Pittsburgh, PA, for Pittsburgh National Bank.

Before: FISHER, KRAUSE and VAN ANTWERPEN, Circuit Judges.

OPINION *

PER CURIAM.

Dennis McKee appeals from the District Court's order dismissing his complaint. For the reasons that follow, we will affirm the District Court's judgment.

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Because we write primarily for the parties, who are familiar with the facts and procedural history of this case, we set forth only a brief summary here. McKee initiated a civil action in the United States District Court for the Western District of Pennsylvania in February 2014 against PNC Bank, N.A. ("PNC") (incorrectly identified as Pittsburgh National Bank). It appears that McKee based his complaint on actions taken as a result of orders issued by the Court of Common Pleas of Beaver County, Pennsylvania, in two actions between himself and a former business partner. Those orders ultimately resulted in a portion of the proceeds from the sale of one property being used to pay off the mortgage PNC held on a second property. Although the state court order directed the payment of funds to PNC, McKee contends that PNC was nonetheless obligated to file a Notice of Foreclosure before it could recover on the lien. PNC was not an actual party to any of the state actions, but merely received from the Prothonotary the payment ordered by the Court of Common Pleas. Despite this fact, McKee sought relief against PNC pursuant to 42 U.S.C. § 1983 for alleged violations of his Fourteenth Amendment rights as well as Pennsylvania law.

PNC sought dismissal of the complaint. PNC argued that McKee's action was barred by the *Rooker–Feldman* doctrine.[1] PNC further asserted that the action was subject to dismissal for failing to state a claim insofar as McKee did not allege that PNC acted under color of state law in violating any rights actionable under § 1983. In an order entered on February 18, 2015, the District Court granted PNC's motion and dismissed the complaint. Additionally, given the nature of McKee's pleading, the District Court determined that it was not capable of being cured by amendment. This timely appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's decision to grant a Rule 12(b)(6) motion to dismiss and over its application of the *Rooker–Feldman* doctrine. *See Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 120 (3d Cir. 2012); *Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 547 (3d Cir.2006).[2] "[I]n deciding a motion to dismiss, all well-pleaded allegations ... must be taken as true and interpreted in the light most favorable to the plaintiff[ ], and all inferences must be drawn in favor of [him]." *McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir.2009) (quotation marks omitted). To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). As did the District Court, we construe McKee's pro se pleadings liberally. *See*

1. That doctrine is derived from the Supreme Court's opinions in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). Under the doctrine, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir.2010).

2. McKee also sought reconsideration of the order of dismissal. The District Court denied his reconsideration motion in an order entered on March 23, 2015. McKee did not file an amended notice of appeal. Accordingly, that subsequent order is not within the scope of this appeal. *See* Fed. R.App. P. 4(a)(4)(B)(ii).

*Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Even with such liberal construction, we do not hesitate to conclude that the District Court properly dismissed McKee's complaint. The *Rooker–Feldman* doctrine bars a federal court from exercising jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Four requirements must be met for the doctrine to apply: "(1) the federal *plaintiff* lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Mineral Co.,* 615 F.3d at 166 (alterations in original) (quoting *Exxon Mobil Corp.,* 544 U.S. at 284, 125 S.Ct. 1517) (emphasis added).

■ The District Court was correct in its conclusion that the crux of McKee's complaint challenges the state court's decision to have the proceeds of the property sale directed to PNC to pay off the mortgage, with only the remainder going to McKee. To the extent McKee can be considered a "state court loser" with respect to those funds and as a result of that decision, there can be little doubt that he was inviting the District Court to review and disturb the state court judgment. Accordingly, and for substantially the reasons provided by the District Court, we agree that his claim is barred by the *Rooker–Feldman* doctrine.

■ Assuming arguendo that McKee's complaint could be read to assert a claim

that falls outside *Rooker–Feldman,* the District Court properly disposed of it on other grounds. To obtain relief under § 1983, a plaintiff must show, inter alia, that the defendant acted under color of state law. *See* 42 U.S.C. § 1983; *Great W. Mining & Mineral Co.,* 615 F.3d at 175– 76. Here, however, PNC is a private party. "Although a private party can be liable under § 1983 if he or she willfully participates in a joint conspiracy with state officials to deprive a person of a constitutional right," *Max v. Republican Comm. of Lancaster Cty.,* 587 F.3d 198, 203 (3d Cir. 2009), those circumstances are not present here. Even if PNC had initiated the state court action—which it did not—"merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor" with a state official. *Dennis v. Sparks,* 449 U.S. 24, 28, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980). Accordingly, McKee's § 1983 claim was subject to dismissal for failure to state a claim.

■ McKee fares no better with his contention that Pennsylvania's "in rem" statutes were somehow violated by the manner in which the PNC mortgage was satisfied. As the District Court correctly concluded, "[§ ] 1983 does not provide a cause of action for violations of state statutes." *Benn v. Universal Health Sys., Inc.,* 371 F.3d 165, 174 (3d Cir.2004) (quoting *Brown v. Grabowski,* 922 F.2d 1097, 1113 (3d Cir.1990)). Additionally, we dispose of McKee's contention that PNC somehow denied him his right to a notice of foreclosure and a jury trial in foreclosure proceedings with little discussion. The PNC mortgage was satisfied and there simply was no need for a foreclosure action. In light of the nature of the factual allegations set forth in McKee's filings, we further find no abuse of discretion on the part of the District Court in determin-

ing that allowing him leave to amend his complaint would have been futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir.2002).

In light of the foregoing, we will affirm the District Court's judgment.